# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | | |
|---|---|---|
| LARRY THOMAS O'BRIEN, | : | |
| Plaintiff | : | |
| VS. | : | |
| WILSON PAULK, Clerk, Superior Court of Atkinson County, *et al.*, | : | NO. 7:11-cv-39 (HL) |
| Defendants | : | **O R D E R** |

Plaintiff **LARRY THOMAS O'BRIEN**, an inmate at the Berrien County Jail, has filed a "Motion to Reconsider" this Court's April 4, 2011 dismissal order (Tab # 15) and a "Motion to Reconsider Change of Venue" (Tab # 16). For the reasons discussed below, both motions are **DENIED**.

Plaintiff's 42 U.S.C. § 1983 complaint was originally filed in the Southern District of Georgia. As in several prior lawsuits filed in this Court, plaintiff made wide-ranging allegations regarding mistaken identity and irregularities in his criminal proceedings and incarceration. On April 1, 2011, Judge Lisa Godbey Wood transferred plaintiff's complaint to this Court because venue was improper in the Southern District as to all except two of the defendants.

This Court's April 4th order dismissed plaintiff's complaint without prejudice because plaintiff, while incarcerated, has filed more than three prior actions that have been dismissed as

1

frivolous under 28 U.S.C. § 1915A, and plaintiff was not under imminent danger of serious physical injury when he filed the instant lawsuit.

In plaintiff's "Motion to Reconsider" this Court's dismissal order, plaintiff raises entirely new allegations regarding an eye condition necessitating laser surgery and medication. The Court will not address whether such allegations meet the imminent danger exception, as they were not raised in his original complaint. If plaintiff wishes to complain about the denial of appropriate medical treatment for his eye condition, he should file a new lawsuit wherein he (1) provides specific factual allegations about the nature of his eye condition, (2) provides factual details that support his being in imminent danger, and (3) names the responsible defendants.

In his "Motion to Reconsider Change of Venue," plaintiff cites the venue statute, 28 U.S.C. § 1391(b), but makes no specific allegations as to why venue is improper in this Court. Most of the defendants reside in, and substantially all events about which plaintiff complains occurred in, Berrien County, which is located in the Middle District of Georgia. *See* 28 U.S.C. § 90(b)(6). Venue is therefore proper in this District.

Plaintiff further alleges in his venue motion that orders that he has received from this Court "have not been signed or stamped filed in clerk's office. This negligence will h[i]nder the appeal process." Plaintiff is advised that Rule 5(d)(3) of the Federal Rules of Civil Procedure allows electronic signatures for all electronically filed documents. This Court's April 4, 2011 dismissal order contains a valid electronic signature - the notation "/s/" above the undersigned's name.

In light of the foregoing, both motions to reconsider are hereby **DENIED**.

**SO ORDERED**, this 5th day of May, 2011.

*s/ Hugh Lawson*
HUGH LAWSON
UNITED STATES DISTRICT JUDGE

cr